BATEMAN BROS. V. J. O. POOL ET AL.

No. 7513.

1.  **Practice—Foreclosure of Mortgage.**—Suit by Bateman Bros. against J. O. Pool, Chenoweth and his wife Lizzie (late Lizzie Pool), and her tenant Bivens, to foreclose a mortgage alleged to have been executed by "Lizzie Pool, per J. O. Pool, agent," and subsequently signed by her in person. The petition did not charge that the mortgage was executed by J. O. Pool for himself, or that the property belonged to him, nor any fact calculated to bind him as a maker of the mortgage. *Held*, that independently of the facts whether the land belonged to Mrs. Chenoweth or to J. O. Pool, under the pleadings no judgment of foreclosure could properly be entered against the defendant J. O. Pool.

2.  **Homestead—Deed of Trust by Widower.**—A deed of trust executed by a head of a family, consisting of himself and his minor children (his wife being dead), would not be void upon his homestead.

3.  **Default Judgment.** — Judgment by default appears in the record. Subsequently defenses were filed, the default not being set aside. *Held*, the judgment by default should have been made final.

APPEAL from Montague.  Tried below before Hon. D. E. BARRETT. No statement is necessary.

*R. D. Rugeley*, for appellants.—1.  A widower can mortgage his homestead.  Watts v. Miller, 76 Texas, 13; Astugueville v. Loustaunau, 61 Texas, 233; Kilgore v. Graves, 2 Ct. App. C. C., sec. 412; Lacy v. Rollins, 74 Texas, 566.

2.  If a person knowingly conveys his own property by a deed in a name not his own, based on a valid consideration, such deed will be binding on such person so executing it.  Giving further time for payment of a debt already due is a valuable consideration.  Dooley v. Montgomery, 72 Texas, 432; Steffian v. Bank, 69 Texas, 513; Bish. on Con., last ed., secs. 343–349.

3.  A man can execute a valid mortgage on his own property in the name of a third person, although the mortgagee have full notice of the true ownership.  In like manner, under an express agreement with the mortgagee, a man can bind his property under a valid mortgage by authorizing a third person to mortgage it in the name of such third person.  Dooley v. Montgomery, 72 Texas, 429; Bish. on Con., last ed., secs. 343, 349.

4.  The court erred in refusing to foreclose the mortgage as against Lizzie Chenoweth (nee Pool) and her husband, they having made no defense, and an interlocutory judgment having been rendered against them at a previous term of the court, which was never set aside.

*W. S. Jameson* and *W. B. Dunham*, for appellees.—1.  The only question in the case is, whether J. O. Pool, by reason of the execution of

the mortgage and his conduct at the time of its execution, is estopped from asserting his own title.   In order to show an estoppel in such a case the plaintiff must show that he was misled as to the title, and that he has been placed in a worse condition by reason thereof.   The court finds that he was neither misled nor injured, and the judgment is correct.   Page v. Arnim, 29 Texas, 70; Burleson v. Burleson, 28 Texas, 383; Bish. on Con., 349, et seq.; Bige. on Estop., 327.

2.   If, as claimed by appellants, the mortgage was intended to convey the interest of J. O. Pool, and that it was his deed in the name of another, then the petition does not authorize a foreclosure of the mortgage, because it sets out and declares upon the deed of Lizzie Pool, conveying the interest of Lizzie Pool, and prays a foreclosure of that deed. The case made by the pleadings and the case presented by the evidence are not the same.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellants against J. O. Pool, R. G. Chenoweth and his wife Lizzie Chenoweth, who before her marriage was named Lizzie Pool, and E. G. Bivens, to foreclose a mortgage upon an improved lot in the town of Nocona, alleged to have been made to appellants to secure a debt held by them against one H. J. Pool.

The cause was tried by the court without a jury, and a final judgment was rendered for the defendants.

The mortgage was executed, while she was a feme sole, by Lizzie Pool alone.   It was first signed for her by her agent J. O. Pool thus, "Lizzie Pool, per J. O. Pool, agent," and afterward she signed and acknowledged it in person.

The plaintiffs introduced evidence to show, that at the time the mortgage was executed they were induced to believe by representations then made to their agent by J. O. Pool that the property belonged to Lizzie Pool, and that he, the said J. O. Pool, was her agent, and as such had the authority to make the mortgage in her name.   But the said Pool denied making such representations, and testified, that he notified the agent of plaintiffs, at and before the execution of the mortgage, that the title to the property was in himself, and that it did not belong to the said Lizzie.   There was evidence that the land belonged to J. O. Pool and was his homestead, and the court so found, as shown by conclusions of fact in the record.   J. O. Pool had a family consisting of minor children, but no wife.

In the conclusions of fact is included one to the effect, that the appellants were not placed in a worse position in any particular by reason of their reliance upon representations made to them by J. O. Pool that the property belonged to Lizzie Pool, if he in fact made such statements.

The petition of the appellants (plaintiffs) did not charge that the mortgage was executed by J. O. Pool for himself, nor that the property belonged to him, nor did. it contain any allegation intended or calculated to bind him as a maker of the mortgage. On the contrary, the petition charged only that the mortgage which it sought a foreclosure of was executed in the first instance "by J. O. Pool, acting as the agent of defendant Mrs. Lizzie Chenoweth, who was at that time Miss Lizzie Pool," and that afterward the said Lizzie executed it in person. The petition charged, that Mrs. Chenoweth and one Mrs. Matlock were joint owners of said mortgaged land, each one of them owning an undivided one-half interest therein.

Independently of the facts, there could not have been properly entered in this state of the pleadings a judgment of foreclosure against the defendant J. O. Pool.

The petition charged, that the defendant Bivens was in possession of the land as a tenant under Mrs. Chenoweth, and "that said J. O. Pool is claiming some interest in said mortgaged premises and the rent of the same, but that such claim to said premises as to all rent falling due for use of said property after September 19, 1888, whether claimed in his own right or as agent of said Chenoweth, is subordinate to plaintiffs' right thereto in satisfaction of said debt; that said H. J. Pool is insolvent."

The purpose of these allegations is not very clear. They do not show either that the plaintiffs had the right to recover the rent of the land nor that the claim asserted by J. O. Pool was in any manner subject to the mortgage sued upon. It is evident, however, that he was joined as a defendant on account of his assertion of such claim, and not because he owned an interest in the land and was a party to the mortgage by estoppel or otherwise. If the plaintiffs had made a case otherwise showing that J. O. Pool was bound by the mortgage, the fact that it was exempt as a homestead on account of its occupation as a homestead by him and his minor children, he being an unmarried man, would not defeat such mortgage. Lacy v. Rollins, 74 Texas, 566; Smith v. Von Hutton, 75 Texas, 625.

At a term of the court preceding the one at which a final judgment was rendered in favor of all of the defendants, a judgment by default was rendered and entered of record against the defendants R. G. Chenoweth and his wife Lizzie Chenoweth. The only answer that we find in the record was filed subsequent to the entry of this judgment. The judgment by default does not appear to have been ever set aside. This judgment should have been made final, and no reason has been suggested and none is apparent to us why it was not done.

The judgment will be reversed as to all parties, and the cause remanded.

*Reversed and remanded.*

Delivered April 22, 1892.