## GILFRED MABRY ET AL. v. LIZZIE KENNEDY.

Decided February 1, 1908.

**1.—Homestead—Abandonment of Husband by Wife.**

A wife forfeits her homestead rights by the voluntary and permanent abandonment of her husband without any just and reasonable cause, and the husband may sell the homestead without her joinder in the deed.

**2.—Special Issues—Failure to Submit Issue—Statute Construed.**

Under the provisions of our statute, it is the duty of the court, where a case is submitted on special issues, to submit every issue made by the pleading if there is evidence to support a finding thereon; but in case the court fails to submit any such issue it is the duty of a party believing himself aggrieved by the omission to request in writing that the issue be submitted, and upon failure to make such request it will be deemed that the issue was resolved ·by the trial court in such manner as ·to support the judgment.

**3.—Same—Form of Issue.**

A special issue as follows: "Did Ellen Mabry or not abandon her husband with the intention of remaining away from him," was not subject to the objection that it declared that said Ellen had abandoned her husband, and was therefore on the weight of the evidence.

Appeal from the 61st District Court, Harris County. Tried below before Hon. Norman G. Kittrell.

*M. H. Broyles,* for ,appellants.

*C. E.* and *A. E. Heidingsfelder,* for appellee.

McMEANS, ASSOCIATE JUSTICE.—This suit was instituted by appellants, Gilfred Mabry and his wife, Ellen, against appellee, Mrs. Lizzie Kennedy, to remove, as a cloud upon their title to lots 5 and 6, block 9, of the T. T. Hailey addition to the city of Houston, a deed executed by the appellant Gilfred Mabry and one Georgia Lenzy conveying said lots to appellee. Appellants alleged that at the time of and prior to the execution of the deed the lots in question were the community property of appellants and constituted their homestead, and that appellant Ellen Mabry did not join in the execution of said deed. It was further alleged that the conveyance while in the form of a deed was intended only as a mortgage for the security of a debt then owing by Gilfred Mabry to appellee.

The case was submitted to a jury on special issues, the only question presented for their determination being whether or not appellant Ellen Mabry had abandoned her husband with the intention of remaining away from him; and the answer of the jury being in the affirmative, the court rendered judgment thereon for appellee for the lots in controversy.

The evidence justifies the following conclusions of fact: Appellants were married in 1871 and have never been divorced. About the year 1879 they purchased the lots in question, and shortly afterwards improved the same by building a house thereon, and resided on and used same as their homestead until about sixteen or seventeen years before the trial of the case, when without any sufficient reason or justification the said Ellen abandoned her husband with intention of permanently remaining away from him, and did remain away from him until about one month before this suit was filed; that during the time, or at least the greater part of the time she remained away from her husband she lived with, and as the wife of, another man, and bore him children. Prior to December 11, 1899, Gilfred Mabry was indebted for taxes due on the lots in question and a suit had been filed against him in the District Court of Harris County for the amount thereof and to foreclose a tax lien on the lots, and in order to obtain money to discharge such taxes he, on said date, joined by his daughter, Georgia Lenzy, sold the lots in question to appellee for the consideration of $200 in cash then paid. During the negotiations leading up to the sale Gilfred Mabry represented to appellee that he had no wife, and this representation appellee believed to be true. Ellen Mabry did not know of the execution and delivery of the deed until about the time of or shortly before her return to her husband.

By the voluntary abandonment of her husband, without any just and reasonable cause, and without the intention of returning to him, Ellen Mabry thereby forfeited her homestead rights in the lots. Sears v. Sears, 45 Texas, 559; Newland v. Holland, 45 Texas, 589; Hector v. Knox, 63 Texas, 613; Cockrell v. Curtis, 83 Texas, 105. And the lots being community property, Gilfred Mabry, after having been so abandoned by his wife, and after she, by such abandonment, had forfeited her homestead right therein, had a lawful

right to encumber the same. Lacy v. Rollins, 74 Texas, 566; Smith v. Hutton, 75 Texas, 625; Bateman v. Pool, 84 Texas, 405; Watts v. Miller, 76 Texas, 15. And it logically follows he had the right, by his deed, to pass the fee simple title thereto to appellee.

Appellants complain that the court should have submitted to the jury the issue as to whether or not the deed executed by Gilfred Mabry and Georgia Lenzy to appellee was in fact a mortgage, and their first assignment of error is based upon the failure of the court to submit such issue. It does not appear from the record that the submission of such issue was requested in writing by the appellants. Article 1331, Sayles' Civil Statutes (1897), provides in part: ". . . it shall be the duty of the court when it submits a case to the jury upon special issues to submit all the issues made by the pleadings. But the failure to submit any issue shall not be deemed a ground for the reversal of the judgment upon appeal or writ of error unless its submission has been requested in writing by the party complaining of the judgment. Upon appeal or writ of error, an issue not submitted and requested by a party to the cause, shall be deemed as found by the court in such manner as to support the judgment; provided there be evidence to sustain such a finding." The law makes it the duty of the trial court to submit all issues raised by the pleadings, and the issue as to whether the conveyance was in fact a mortgage should have been submitted. But having failed to submit the issue, and the appellants having failed to request in writing its submission, and there being evidence to sustain the finding that the instrument was a deed, and as such passed the title to appellee, it must be deemed that the issue was resolved by the trial court in such a manner as to support the judgment. Cotton Oil Co. v. Wallace, 23 Texas Civ. App., 12.

Appellants' second assignment of error is, to the effect, that the charge of the court was upon the weight of the evidence in that it declared that Ellen Mabry had abandoned her husband. The language of the charge complained of is: "Did Ellen Mabry or not abandon her husband with the intention of remaining away from him?" The assignment is without merit and is overruled.

We have examined the other assignments of error presented by appellants and are of the opinion that no reversible error is shown in any of them. The judgment of the lower court is affirmed.

*Affirmed.*

Writ of error refused.