KIDD v. SPARKS. (No. 5361.)

(Court of Civil Appeals of Texas. Austin.
May 6, 1914. Rehearing Denied
June 3, 1914.)

1. MORTGAGES (§ 38*)—DEEDS AS MORTGAGES—EVIDENCE—SUFFICIENCY.

Evidence *held* to show that a deed absolute in form was, in fact, a mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 108–111; Dec. Dig. § 38.*]

2. MORTGAGES (§ 37*)—ABSOLUTE DEEDS AS MORTGAGES—EVIDENCE—ADMISSIBILITY.

On the issue whether a deed absolute in form is, in fact, a mortgage, the grantor may testify whether the deed was executed to secure a debt, but may not state that he did not intend to execute a mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 97–107; Dec. Dig. § 37.*]

Appeal from Coleman County Court; F. M. Bowen, Judge.

Action by J. R. Sparks against W. M. Kidd. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Snodgrass, Dibrell & Snodgrass, of Coleman, for appellant. Critz & Woodward, of Coleman, for appellee.

KEY, C. J. J. R. Sparks brought this suit against W. M. Kidd in the county court of Coleman county, to recover the sum of $425, alleging that it was a balance due upon an agreed consideration for the sale of certain lots in the town of Talpa, in that county, conveyed by Sparks to Kidd by deed dated October 27, 1911.

In his answer the defendant, Kidd, denied that he owed the plaintiff anything, and alleged that the deed referred to was, in fact, a mortgage, and was given for the purpose of securing an indebtedness from Sparks to him, the consideration being $250 owing by Sparks to Kidd upon a promissory note, and $21 due upon an open account and Kidd's agreement with Sparks to permit him, on the faith of the deed, to purchase goods, wares, and merchandise from Kidd, and that it was the understanding between the parties that

when Sparks paid all of his indebtedness then owing and subsequently to accrue, that Kidd would reconvey the property to Sparks. He also disclaimed any title to the land.

Plaintiff, Sparks, filed a supplemental petition, specially denying the facts alleged in Kidd's answer.

The case was submitted to a jury upon special issues, and the jury found: (1) That the deed referred to was made for the purpose of securing an indebtedness from Sparks to Kidd; (2) that at the time of the execution of the deed it was agreed between the parties that the consideration was to be $750; and (3) that it was provided by written agreement executed at the same time that the plaintiff, Sparks, should have the right to repurchase the property within one year, for the consideration of $750. Upon those findings the court rendered judgment for the plaintiff for $425, and interest thereon from the 1st day of January, 1912, at the rate of 6 per cent. per annum, and the defendant, Kidd, has appealed.

[1] Overruling all the other assignments of error, we sustain assignment No. 3, which, in substance, assails the verdict as being contrary to, and unsupported by, the testimony; appellant's contention being that the evidence shows that the deed was executed for the purpose of securing indebtedness from appellee to appellant, and that appellant never became indebted to appellee in any sum as a consideration for the execution of the deed. After careful consideration of the statement of facts, we have reached the conclusion that appellant's contention is correct, and that the verdict ought not to be permitted to stand. The testimony of the defendant, Kidd, was clear and specific to the effect that the deed was executed for the purpose of securing the amount which Sparks then owed him upon a $250 note, and upon an open account, and in order to obtain further credit at Kidd's store, and that he never promised to pay Sparks anything, and that the written instrument executed at the same time, which, by mutual agreement, was subsequently destroyed, was executed for the purpose of showing that Sparks was entitled to have the property reconveyed to him upon the payment of his indebtedness to Kidd, and that he still held the $250 note against Sparks. As a witness on the stand, Sparks made two or three general statements to the effect that it was the understanding that he was to have the right to buy the property back within a year's time by paying a cer-

tain sum. But, while he stated that his indebtedness to Kidd at the time the deed was executed was part of the consideration for the deed, he admitted that he did not demand from Kidd the $250 note which he had given for the greater portion of that indebtedness, and the note was produced and put in evidence by Kidd. Sparks also admitted that over two months after the execution of the deed, and at a time when he now claims Kidd was indebted to him in the sum of $425, he executed a note to Kidd for the sum of $250, due October 1, 1912, and executed a chattel mortgage on certain horses and on his entire crop on 95 acres of land.

In Harrison v. Hogue, 136 S. W. 118, the court says:

"It seems clear that, where the consideration of a deed is a pre-existing debt, unless it is shown that the debt, to the extent of such consideration, is extinguished and the evidence of it surrendered, the instrument will be declared to be a mortgage."

So we hold that the conduct of Sparks in not demanding the surrender of the $250 note, which he now claims he paid when he executed the deed, and his subsequent conduct in executing another note to Kidd for $250 and securing the same by a chattel mortgage, at a time when, he now claims, Kidd was owing him $425, are so utterly inconsistent with that contention as to render his evidence in support thereof incredible and untrustworthy.

Error is assigned upon that portion of the court's charge which instructed the jury that the burden was upon the defendant Kidd to show that the deed referred to was intended as a mortgage. We are not disposed to sustain that objection, but suggest that, upon another trial, the court frame its charge upon that subject in conformity with the suggestion of the Supreme Court in Howard v. Zimpelman, 14 S. W. 59.

[2] We also suggest that, instead of permitting the plaintiff to testify that in executing the deed he did not intend to make a mortgage, the court require the witness to state what was done and said at that time. However, we hold that it is permissible for the grantor in an instrument which purports to be a deed to state whether or not it was executed for the purpose of securing a debt, as that is the true test of whether or not such an instrument will be given effect as a mortgage.

For the reason given, the judgment is reversed, and the cause remanded.

Reversed and remanded.