GALVESTON–HOUSTON    INTERURBAN LAND CO. v. DOW et al.   (No. 7314.)

(Court of Civil Appeals of Texas.   Galveston. March 8, 1917.   Rehearing Denied March 22, 1917.)

1. BILLS AND NOTES ☞502—ADMISSIBILITY OF EVIDENCE.

In an action against a corporation as maker of notes, such notes are inadmissible in evidence in face of plea of non est factum without proof of their execution by a defendant.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1708–1716.]

2. CORPORATIONS ☞432(12) — ACTIONS—EVIDENCE—AUTHORITY OF OFFICERS.

In an action against corporation as maker of notes, there being a plea of non est factum, direct proof of authority of defendant's officers to execute notes for company is not required to render such notes admissible, but such authority may be shown by circumstantial evidence.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1717, 1737, 1743, 1762.]

3. CORPORATIONS ☞432(12) — ACTIONS—EVIDENCE—SUFFICIENCY.

Evidence *held* sufficient to sustain finding that a corporation authorized execution of notes indorsed by its officers.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1717, 1737, 1743, 1762.]

4. APPEAL AND ERROR ☞1010(1)—REVIEW—FINDINGS—SUFFICIENCY OF EVIDENCE.

In an action against corporation as maker of notes, where the issue as to authority of defendant's officers to execute notes for defendant was not submitted to jury, and no request for its submission made, a finding of the court, necessarily included in the judgment, that such authority existed, must be sustained if there is any evidence to support it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3981.]

5. CORPORATIONS ☞487(2) — ULTRA VIRES — EVIDENCE.

Under Rev. St. 1911, arts. 1140, 1162, the execution and issuance of notes by corporation cannot be held to be ultra vires in absence of evidence that they were not issued in transaction of corporation's authorized business.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1894.]

6. BILLS AND NOTES ☞367—BONA FIDE PURCHASER—ULTRA VIRES ACT OF CORPORATION.

An innocent purchaser, without notice of the purpose for which notes given by authority of a corporation were issued, may recover, though the notes were ultra vires.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 947, 948.]

7. CORPORATIONS ☞426(4) — UNAUTHORIZED ACTS OF OFFICERS—RATIFICATION.

Where notes were executed by corporation as maker and two of its directors owning 93

per cent. of its stock, signed as indorsers, such notes were binding on the corporation, even if not expressly authorized, since the indorsement of a majority of directors and stockholders was equivalent to a ratification.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1702, 1710–1712.]

Appeal from District Court, Harris County; Henry J. Dannenbaum, Judge.

Action by Andrew Dow and others against the Galveston-Houston Interurban Land Company and another.   Judgment for plaintiffs, and the defendant named appeals.   Affirmed.

Moody & Boyles, of Houston, for appellant. E. P. & Otis K. Hamblen, of Houston, for appellees.

PLEASANTS, C. J.   This suit was brought by appellees against appellant, as maker, and J. H. Bute, as indorser, of three promissory notes for the sum of $5,000 each, to recover the amount due upon said notes, and in the alternative to recover against Bute the amount due upon five notes for $4,835.55 each executed by him and held by appellees.

The petition alleges the execution by appellant of the notes for $5,000 in favor of Bute and their transfer by him to appellees under a guaranty by him that said notes were good and would be paid at maturity, and that appellees agreed to accept the amount of said notes in satisfaction of the five notes of Bute before mentioned and to surrender and cancel said five notes when the three $5,000 notes were paid, and, if same were not paid, the five notes should remain in full force and effect.

Appellant pleaded non est factum in that its president had no authority to execute the notes; failure of consideration; ultra vires; and general denial.

Bute pleaded that, if it should appear that plaintiff could not recover against appellant because of said notes being without consideration, and executed by the president without authority, which allegations of appellant he adopted, then, the maker not being liable, he, as indorser, would not be; and, as to his individual notes, that three of them were barred by limitation.

Appellees by supplemental petition replied that the three company notes were properly executed and binding upon it; that appellant was a trading corporation, and the notes were executed in due course of business in pursuit of its purposes, and comprehended within acts to be done in its management; that the president expressly and impliedly and according to the custom of said business was acting with authority and within the scope and apparent scope of his agency as such official and was held out as having such authority; that in the doing of all of which the directors and stockholders acquiesced, and appellant was estopped to deny liability; that appellant was largely indebted to the American Loan & Mortgage Com-

pany and Bute and others for services and other considerations, and issued paper to evidence same, and received the benefit thereof, and was estopped to question same; that the issuance of said notes was authorized by its charter and powers incidental thereto; that appellees acquired said notes in due course of business for value before maturity thereof, without knowledge of any defenses thereto, and were entitled to protection. As against Bute's plea of limitation, appellees replied that the maturity of his individual indebtedness was postponed by agreement until the company notes fell due, payment of which was to discharge his indebtedness, and that he was estopped to set up such plea.

The trial in the court below with a jury resulted in a judgment in favor of plaintiff against both defendants for the amount due upon the three notes for $5,000 each; the aggregate amount of the judgment being $22,044.

The appeal is prosecuted by the Galveston-Houston Interurban Land Company alone.

Only two questions were submitted to the jury by the trial court. The first question submitted was whether the Galveston-Houston Interurban Land Company received a valuable consideration for the execution of the $5,000 notes, and the second question was whether it was agreed by the plaintiffs and the defendant Bute that the five notes for $4,835.55 were not to be paid if the $5,000 notes were paid at maturity. The jury answered both of these questions in the affirmative. There was no request by any of the parties for the submission to the jury of any other issue.

The evidence shows that of the 7,000 shares of the capital stock of appellant company 3,250 shares were owned by W. E. Richards, 3,250 by J. H. Bute, and 500 by J. O. Ross. These three men were the directors of the corporation. Richards was president and Bute vice president and general manager. According to its charter the company was organized for the purpose of "growing, selling, and purchasing seeds, plants, and trees, * * * and to purchase and lease all lands necessary for that purpose." The face value of a share of stock in the company was $50. The 50 per cent. of the capital stock which was required to be paid in order to obtain the charter was paid in 7,000 acres of land which was conveyed to the corporation by the subscribers to the stock above named. The company was chartered in November, 1909. In February, 1910, it conveyed 5,000 acres of its land acquired from Bute to the American Loan & Mortgage Company under a trust agreement by which the mortgage company undertook to act as agent of appellant in disposing of said land under an acre bond and stock scheme the details of which are not material to any question in this case.

Prior to the acquisition of the three $5,000 promissory notes appellees became the owners of five notes for $4,835.55 each, executed by J. H. Bute. The amount of principal and interest due on said notes at the date mentioned was $30,000. Appellees were pressing for a settlement of these notes, and finally offered to accept $15,000 in full satisfaction of the debt. Bute said he had no money, but offered to give appellees three $5,000 notes executed by appellant and indorsed by him. The transaction by which the appellees became the holders of these $5,000 notes is thus stated by the appellee Dow:

"Dr. Bute said he did not have any money, but he said that he had equities in the Galveston-Houston Interurban Land Company that would amount to a good deal of money, and that they owed him a lot of money for his equities in these lands, and finally he said that he would give us their notes for $15,000 and that they would be paid when they were due according to the way the notes read. So we finally agreed that we would take these notes, contingent upon their payment at maturity, as an offset of his indebtedness to us provided the notes were paid, but at the same time we agreed that it didn't release the original notes if these notes given by the Galveston-Houston Interurban Land Company were not paid."

The three $5,000 notes were dated November 1, 1911, payable to the order of American Loan & Mortgage Company one, two, and three years after date, respectively. Each of the notes were signed, "Galveston-Houston Interurban Land Co., by W. E. Richards, President." Each of the notes were indorsed to Bute without recourse by the American Loan & Mortgage Company on November 9, 1911. Bute indorsed them to plaintiffs before maturity and for the consideration above stated. The notes were regular upon their face, and appellees took them without notice of any infirmity of any kind which would render them invalid, if any such infirmity existed.

Richards was president of the American Loan & Mortgage Company. A man named Alverson was bookkeeper and auditor of said company and also of appellant. E. L. M. Beavens, who swore to appellant's plea of non est factum, is secretary for both companies.

Appellant was given notice to produce its books and those of the American Loan & Mortgage Company, but declined to do so on the ground that "they were too bulky," but put in evidence portions of the journal and ledgers of the American Loan & Mortgage Company. Neither Richards, Bute, nor Alverson testified in the case. The portion of the ledger of the American Loan & Mortgage Company put in evidence by appellant shows various entries of debits and credits in accounts between the loan company and appellant and said company and Bute. It appears from these entries that on the date of the execution of the three $5,000 notes appellant was indebted to the loan company. These entries further show that on November 9, 1911, appellant's account was credited with four notes aggregating $20,000. These transactions were not explained, and, as before stated, none of the officers of the company who might have explained them testified.

Under appropriate assignments of error appellant assails the judgment: First, on the ground that the plea of non est factum having been filed, and there being no evidence to show that Richards was authorized to execute the notes for appellant corporation, said notes were not admissible in evidence; and, second, on the ground that the finding of the jury that appellant received a valuable consideration for the notes is not supported by any evidence.

[1-4] Neither of these objections to the judgment can be sustained. The plea of non est factum having been filed, the notes were not admissible without evidence of their execution by appellant, but direct proof of the authority of the president to execute the notes for the company was not required, and such authority could be shown by circumstantial evidence. We think the evidence before set out was sufficient to overcome the plea of non est factum, and sustains the finding of the trial court that the execution of the notes was authorized by appellant. This issue was not submitted to the jury and appellant made no request for its submission. In these circumstances, if there is any evidence to support the finding of the court, which is necessarily included in the judgment rendered, that the president was authorized to execute the notes, such finding must' be sustained. Revised Statutes, art. 1985; Mabry v. Kennedy, 49 Tex. Civ. App. 45, 108 S. W. 176.

[5] That the issuance of the notes by appellant cannot be held to be ultra vires, in the absence of evidence that they were not issued in furtherance of, or their issuance essential to, the transaction of the authorized business of the company, is well settled. Revised Statutes, arts. 1140 and 1162; Gaston & Ayres v. Campbell Co., 104 Tex. 576, 140 S. W. 770, 141 S. W. 515.

[6] There was no evidence that the notes were not issued for a purpose essential to the transaction of the authorized business of the company, but if such fact had been proven, if the notes were issued by authority of the company, an innocent purchaser without notice of the purpose for which they were issued would be protected. Bank v. O'Neal, 11 Tex. Civ. App. 640, 34 S. W. 347; Scheffel v. Smith, 169 S. W. 1131.

As above stated, we think the evidence before set out is sufficient to sustain the finding that the notes were executed with the assent of the board of directors. Presumably they were executed in furtherance of the authorized business of the company. Two of the three directors were parties to the instruments. The appellant failed to produce its books containing the minutes of the meetings of the board of directors, nor was evidence offered tending to show that the president was not authorized to execute the notes. If no such authority existed, it was clearly within the power of appellant to establish such fact, but it not only failed to produce its books, but did not offer the testimony of any member of the board of directors, or any officer of the company, showing or tending to show that the president was not authorized by the board of directors to execute the notes, but relied solely on its plea of non est factum sworn to by its secretary, who, although he was put upon the stand by appellant, was not questioned in regard to the plea of non est factum, and made no statement as to any knowledge on his part of whether the president was authorized by the board of directors to execute the notes.

[7] Upon this state of the evidence we think the trial court was authorized to find that the execution of the notes was expressly authorized by the board of directors. Such express authorization, however, was not necessary to the validity of the notes. If their execution was ratified by a majority of the board of directors and the stockholders, they are valid obligations of the company, no fraud being alleged nor proven, and there being no evidence that they were not executed in the transaction of the business of the company. Two of the three directors were parties to the instrument and owned 93 per cent. of the stock of the company. For all practical purposes Richards and Bute and the corporation were one and the same, notwithstanding the technical rule which holds the identity of the corporation distinct from the stockholders. The execution of the notes by Richards and their indorsement by Bute shows the ratification of a majority of the board of directors, and we can see no reason why such ratification should not be binding upon the company when no fraud is shown and the notes were presumably executed in furtherance of the business of the company. Coppard v. Bank, 184 S. W. 552; Pub. Co. v. Hitson, 80 Tex. 228, 14 S. W. 843, 16 S. W. 551; Feed Pen Co. v. Bank, 181 S. W. 538.

Our conclusion being that the evidence is sufficient to support the finding of the trial court that Richards was authorized to execute the notes for the company, said notes were admissible in evidence, and the burden of showing want or failure of consideration was upon the appellant, if such plea was available as a defense against appellees. The evidence fails to show that appellant received no consideration for the notes, and it is therefore unnecessary for us to determine whether there was sufficient evidence to sustain the affirmative finding of the jury that appellant received a valuable consideration or whether appellees are in the position of innocent purchasers for value without notice.

No issue was made by the pleadings or evidence as to the right of appellees as legal holders of the notes to sue and recover thereon, and the assignment complaining of the

judgment on this ground is without merit. This disposes of all the material questions presented by the appeal.

We are of opinion that the judgment should be affirmed; and it has been so ordered.

Affirmed.