REEH v. REEH.    (No. 7607.)*

(Court of Civil Appeals of Texas. San Antonio. Oct. 20, 1926. Rehearing Denied Nov. 17, 1926.)

1. **Appeal and error** ⊗⇒500(2)—In absence of showing that general demurrer and special exceptions were presented or acted on, assignments of error to overruling thereof present nothing for review.

Assignments of error to overruling general demurrer and special exceptions present nothing for review, in absence of showing in record that they were presented or acted upon by trial court.

2. **Appeal and error** ⊗⇒916(1)—Special exceptions, not acted on, will be presumed to have been waived.

Special exceptions will be presumed to have been waived, in absence of any action on them by court.

3. **Appeal and error** ⊗⇒242(2)—Assignment to refusal to instruct verdict will be overruled, in absence of showing of action thereon.

Assignment of error to refusal of court to instruct verdict will be overruled, where record discloses no action on motion.

4. **Appeal and error** ⊗⇒742(1) — Proposition not germane to assignments on which it is based will be overruled.

Proposition which is not germane to assignments of error on which it is based will be overruled.

5. **Trial** ⊗⇒261—Trial court need not separate proper paragraphs in requested instructions.

Trial court did not have duty of separating any proper paragraphs in requested instructions, when others therein were illegal.

6. **Mortgages** ⊗⇒38(2)—Proof to establish that deed was mortgage need not be absolute, definite, and certain.

In suit to have deed declared a mortgage, instruction requiring proof to be absolute, definite, and certain *held* properly refused, as requiring greater degree of proof than required by law.

7. **Trial** ⊗⇒191(1)—Refusal to submit issues taking from jury right to pass on certain facts held proper.

Refusal to submit to jury issues which took from them right to pass on certain facts and assumed their existence *held* proper.

8. **Mortgages** ⊗⇒137—Title to mortgaged property remains in mortgagor.

Title to mortgaged property remains in mortgagor, and he does not, in order to be secure in his possession, have to pay off the mortgage.

9. **Appeal and error** ⊗⇒1060(1) — Counsel's argument as to how man could sell homestead without wife's signature if he could not mortgage it held not prejudicial in husband's action to establish deed given to wife as mortgage after abandonment of wife (Const. art. 16, § 50).

In suit by husband against wife after abandonment to have deed given to wife declared a mortgage, counsel's argument to effect that if man could not mortgage his homestead then how could he sell homestead without wife's signature, *held* not prejudicial, in view of defendant's claim that husband could sell land to her but could not mortgage it, and since Const. art. 16, § 50, forbidding husband from mortgaging homestead, is not applicable after abandonment by wife.

Appeal from District Court, Guadalupe County; Lester Holt, Judge.

⊗⇒For other cases see same topic and KEY–NUMBER in all Key–Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction January 19, 1927.

Suit by Adolph Reeh against Valeska Reeh. From the judgment, defendant appeals. Affirmed.

John P. Pfeiffer, of San Antonio, for appellant.

Dibrell & Mosheim, of Seguin, and Adolph Seidemann, of New Braunfels, for appellee.

FLY, C. J. This cause was tried on a first amended petition filed by appellee against appellant, his wife, who it was alleged had abandoned him, in which he sought to have a temporary injunction theretofore issued continued in force until the cause could be heard on its merits, and on final trial that the title and possession of a certain tract of land, containing 84.67 acres, be decreed to him as his separate property, and that a certain deed dated November 21, 1923, by which appellee conveyed the land to appellant, be declared a mortgage given to secure defendant in the sum of $9,000 less one-half the rents for 1924. The cause was submitted to a jury on special issues, and on the responses thereto judgment was entered declaring the deed from appellee to appellant to have been in fact a mortgage on the 84.67 acres of land therein conveyed, and it was decreed that title and possession of the land be placed in appellee, and all title to the land divested out of appellant. It was further adjudicated that appellant recover of appellee the sum of $9,000, with interest thereon from November 25, 1925, at the rate of 6 per cent. per annum; that the mortgage lien on the land be foreclosed and the land sold to pay said debt, interest and costs. The costs of the suit were adjudged against appellee.

In answer to the special issues, the jury found that the instrument, which was a deed on its face, was intended and accepted by appellant as a mortgage to secure her in the payment of a debt of $9,000 due by appellee to appellant; that at the time of marriage of appellant and appellee "it was agreed by them that the separate property of each should be put together and that the profits therefrom should become the property of both of them." There is evidence tending to establish the findings of the jury to the effect that the instrument in the form of a deed to the land was intended by both parties to be a mortgage to secure a debt and not as an instrument conveying the title in fee.

[1, 2] The first, second, third, fourth, fifth, sixth, seventh, eighth, and ninth assignments of error are overruled. They complain either of the overruling of the general demurrer or special exceptions, and, there being nothing in the record to indicate that the general demurrer or either of the special exceptions was presented or acted upon by the court, there is nothing before this court. The prop- ositions named do not seem to be germane to the assignments to which they refer, but could not be considered if they were germane, as the general demurrer and special exceptions were not presented to the court. The exceptions will be presumed to have been waived in the absence of any action on them by the court. Gray v. Powell (Tex. Civ. App.) 282 S. W. 631. This has been the unbroken ruling of appellate courts. Meadows v. Turner (Tex. Civ. App.) 270 S. W. 899. The petition was not subject to general demurrer.

[3, 4] The tenth assignment of error complains of the refusal of the court to instruct a verdict for appellant. The record discloses no action on the motion to instruct a verdict, and there is, therefore, no basis for the complaint that the court ever in any way acted on the motion. The proposition No. 3 claims to be based on assignments of error 11 and 13, as well as 10, but is not germane to the eleventh and thirteenth. The proposition and assignments of error are overruled.

The eighteenth assignment contains several requested instructions not given, all on the question of testimony necessary to show an instrument, on its face a deed of conveyance, was intended by the parties to be a mortgage; and propositions 4, 5, 6, 7, and 8 are based on the assignment.

[5, 6] All that was pertinent or proper in the instructions requested was given by the court in a charge presented to the jury. The requested instructions tended to bear upon the weight of testimony, and required the proof to "show that a deed is a mortgage must be absolute, definite, and certain," or the fact must be "clearly established by clear and certain proof." It did not devolve upon the court to separate any proper paragraph from those that were illegal. Charges similar to the ones requested have often been held improper, as requiring a greater degree of proof than the law requires. Howard v. Zimpelman (Tex. Sup.) 14 S. W. 59; Kidd v. Sparks (Tex. Civ. App.) 167 S. W. 799; Western Assurance Co. v. Hillyer (Tex. Civ. App.) 167 S. W. 816; Carl v. Settegast (Tex. Com. App.) 237 S. W. 238.

[7] The seventeenth assignment of error is multifarious. It complains of the refusal to submit 19 or 20 different issues to the jury that are set out in the assignment. Several of the issues took from the jury the right to pass on certain facts and assumed their existence. The court properly refused to give them.

[8] The tenth proposition is without merit and is overruled. In Texas the title to mortgaged property remains in the mortgagor, and he does not, in order to be secure in his possession, have to pay off the mortgage. He can remain in possession until dispossessed by a judicial sale of the land under the mortgage.

[9] Counsel in his closing argument for appellee said to the jury:

"If a man cannot mortgage his homestead, then how in the hell can he sell a homestead without the signature of his wife?"

And the language was objected to because:

"No charge upon the law with reference to the law governing the sale or mortgage of the homestead had been given by the court to the jury, and because such argument was prejudicial to the rights of the defendant and was calculated to mislead the jury."

It may be that the question asked the jury by counsel was not couched in what in former years might have been the language of polite society, but in the present state of society such language might not be considered malapropos or inelegant, but, even though it might have been obnoxious to the fastidious ear of the appellant, still we do not see how it could have been prejudicial to the case of appellant. She had alleged that the instrument was a deed, and claimed the land under it, and insisted that, although appellee could sell the land to her, he could not mortgage it to her, and the very pertinent question was asked, if he could sell the land, why could he not mortgage it?

The question comes to this court with peculiar force in view of the fact that the Constitution, art. 16, § 50, has provided:

"No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone, or together with his wife; and all pretended sales of the homestead involving any condition of defeasance shall be void."

If, as the proof offered by appellee tends to show, a pretended deed was made by appellee to his wife involving a condition of defeasance, which it necessarily did, if it was intended as a mortgage given to secure a debt, and it was on a homestead, we fail to comprehend that it is not squarely in the face of the language quoted from the Constitution. No exception is made in the Constitution, but it is prescribed that "no mortgage, trust deed, or other lien on the homestead shall ever be valid," except in enumerated instances, and no exception is made in favor of the wife in obtaining security for a debt due by the husband. That exception cannot arise in her favor because she agrees to it, because if she joins her husband in the most solemn and approved way as in a sale of the homestead a lien of no character can be created against the homestead, except for purchase money or improvements.

As said by Judge Sawnie Robertson in the case of Inge v. Cain, 65 Tex. 75, in discussing the constitutional provision in question as to mortgages on the homestead:

"By this provision none such 'shall ever be valid.' If they are never valid, they can never be operative. * * * Whether made by one or both, it shall not 'ever be valid.' * * * What cannot 'ever be valid' is never valid, and what is never valid is always void. * * * We are of opinion that the clause quoted from the Constitution of 1876, renders all liens upon the homestead, not expressly excepted, absolutely void, and that they are not vitalized by the divestiture of the homestead character."

The last expression of course applies to a mortgage given before the abandonment of the homestead.

In the case of Mabry v. Kennedy, 49 Tex. Civ. App. 45, 108 S. W. 176, the wife had abandoned the husband, who remained in possession of the homestead, and she lived with and bore children to another man. The husband gave a deed to the homestead, which was claimed by the husband and his returned prodigal wife to be a mortgage, in order to obtain money to pay the taxes thereon, a suit having been filed for the taxes and to foreclose a lien on the homestead. It was held that by the permanent abandonment of husband and home the wife had forfeited her homestead rights, and that the husband could sell it to meet the taxes. That was an extreme case, but the turning point in it was the abandonment of the homestead by the wife. It would seem that the decision declared the law under the very aggravated facts of the abandonment. This case has no such facts, but does show abandonment of home and husband with no intent to return. The decision in the case cited refers to several cases to sustain its sweeping weakening of the constitutional provision; none of them refers to a man having a living wife, not even a disloyal one, but to widowers and bachelors. The constitutional provision as to mortgages and other liens on the homestead confines itself to married men and women and to their homestead.

It may be proper to call attention to the fact that a mortgage of the homestead is absolutely prohibited in the Constitution, while a sale by the husband of separate property without being joined by the wife is not declared to be invalid or void as is any attempt to mortgage or create any lien on the homestead by either of the marital spouses or by both. However, the Constitution relates to homesteads, and when the homestead character has been lost the constitutional provisions are not applicable.

The homestead was the separate property of the husband, having been bought by him, and the residence and other improvements placed thereon by him, previous to his marriage to appellant. He had no power to sell the homestead, even though his separate property, without the joinder of the wife, but when she had permanently abandoned him she had abandoned the homestead, and, being his separate property, he could sell or mort-

gage it, to his wife or any one else. As said by Judge Speer:

"But it is only while there exist homestead rights in property that the husband is forbidden to convey it. After the abandonment its conveyance is determined in the same manner as other property belonging to its owner. The wife's right is not property, but is a right in property, and holds in abeyance the right of the owner, if the husband, to convey during the existence of such right in her." Marital Rights, § 406.

In other words, if the wife abandons her homestead permanently it assumes the same character that it had before being impressed with the homestead character. It is admitted by both parties that appellant had permanently abandoned him, and it appeared that she had attempted to procure a divorce from her husband and had abandoned the homestead and his bed and board. There being no homestead, the same being his separate property, he had the right and authority to sell or mortgage it to any one. The wife by abandonment had lost all rights in the homestead formed out of the separate property of her husband.

We do not think the argument of counsel complained of had any injurious effect in the case. Counsel was indignant and rather emphatic in endeavoring to prevent interruptions in his argument from opposite counsel, but it was a natural outburst, and, while it might have ruffled the feelings of appellant's counsel, it did not injure her before the jury. The court stopped counsel for appellee from using such language, and he apologized in a satisfactory way to the court.

There was testimony tending to show that both parties knew that the deed was intended as a mortgage at the time it was delivered. We overrule the other assignments of error.

The judgment is affirmed.