## BAGWELL v. HUNT.
### No. 1169.

Court of Civil Appeals of Texas. Eastland.

Oct. 27, 1933.

Rehearing Denied Nov. 24, 1933.

Blanton, Blanton & Blanton, of Abilene, for appellant.

Kirby, King & Overshiner, of Abilene, for appellee.

HICKMAN, Chief Justice.

Appellee instituted this suit upon a promissory note executed by appellant, and for the foreclosure of a deed of trust lien covering sixty-five acres of land given for the purpose of securing said note. The only defense made by appellant to the cause of action asserted by appellee was that the deed of trust lien was void, because the property covered thereby was a homestead. No fact issue was raised by the evidence and, by agreement of parties, the jury was discharged and the cause decided by the trial judge. Appellant has presented some question with regard to the action of the trial judge in suggesting that there was no necessity for retaining a jury, but no error is shown in this regard, because it affirmatively appears that there was no fact issue for the jury's determination, and the record affirmatively discloses that appellant's attorney in open court agreed that there was no fact issue, and that he was willing to withdraw the case from the jury. After discharging the jury, the court took the case under advisement and rendered judgment for appellee upon the note and for a foreclosure on the lien, as prayed for. From that judgment, an appeal has been duly prosecuted to this court.

The only question involved is the homestead question. The undisputed facts are that at the time the note and deed of trust were executed, appellant was a widower with five minor children; the property was the homestead of him and his wife during her lifetime, and continued to be the homestead of him and his minor children after her death. Appellee at the time the note and deed of trust were executed had knowledge of these facts. The sole law question presented is: May a widower who resides on premises with his minor children as a homestead execute a valid mortgage or deed of trust lien thereon? This is not an open question in this state. There can now be no doubt of his power to do so. Many cases so holding could be cited, but the following will suffice: Astugueville v. Loustaunau, 61 Tex. 233; Lacy v. Rollins, 74 Tex. 566, 12 S. W. 314; Bateman v. Pool, 84 Tex. 405, 19 S. W. 552; Hensel v. International Building & Loan Ass'n, 85 Tex. 215, 20 S. W. 116; Dabney v. Schutze (Tex. Com. App.) 228 S. W. 176.

In 22 Tex. Jur. p. 145, many cases, including those above cited, are collated in support of the rule there announced in this language: "Accordingly, it is held that a widower or a widow who resides on premises with minor children is empowered to mortgage the property, and that he or she may not invoke the homestead statute to defeat the mortgage or deed of trust."

In Nunn on Exemptions, pp. 178, 179. will be found this language: "Homestead rights held by anyone, other than a family having both a husband and a wife as members thereof, are not limited by any inhibitions; and while the exemption protects the property from forced sale, it leaves the owner at liberty to manage, control, sell or encumber the same at will. * * * This absence of limitations upon the power to control the property resembles an exemption in personalty, under the general statute; and it partakes of the nature of a privilege that may be claimed, or that may be abandoned and renounced at the will of the holder; and in the respect that the exemption may be waived or renounced, it also resembles an exemption in personalty, under the general statute. So, in such cases it appears that the homestead exemption and the exemption in personal property partake of the same general nature, and in many respects, are governed by the same rules."

The record does not disclose the nature of the indebtedness for the securing of which the deed of trust was executed, nor does it disclose whether the property was the separate property of one of the spouses, or their community property. This opinion will not be construed as disposing of any question of title which may arise in the future between the children and the purchaser at the foreclosure sale. The judgment of the trial court is affirmed.