342

Ruth E. JACKSON, Appellant,

v.

Jessie Swann SMITH et al., Appellees.

No. 5075.

Court of Civil Appeals of Texas.

Beaumont.

June 30, 1955.

Hughes & Clampitt, Jasper, for appellant.

Lewis Lanier, Jasper, for appellees.

R. L. MURRAY, Chief Justice.

This is an appeal by Ruth E. Jackson, the appellant, from a judgment in the district court of Jasper County, denying her application for writ of injunction against Jessie Swann Smith et al., appellees.

Appellant brought suit seeking to enjoin appellees from making a sale under a deed of trust executed by the appellant, on the ground that the property about to be sold under the powers of the deed of trust was and had been at all times material the homestead of herself, a feme sole, living on the property with her minor children.

The case is before us on an agreed statement of facts. The appellant is and was a feme sole living on the property as a homestead with her minor children at the time she signed a note and deed of trust on the land. The appellee Jessie Swann Smith is the owner of the note and lien. The indebtedness is past due and unpaid and the appellee Smith has called upon the trustee named in said instrument to make a sale of the land under the powers of the deed of trust and said trustee has posted notices thereunder. As stated by the appellant in her brief, the only question involved is, Did the deed of trust create a lien upon the land in question?

Appellant says that since the property was the homestead of the appellant, the deed of trust did not create a valid lien on said property and was in violation of Article 16, § 50, of the Constitution of the State of Texas and Article 3852, Vernon's Annotated Civil Statutes of Texas.

The Supreme Court of Texas, in a long line of decisions, has held that "under our laws, there can be no doubt of the full power of a surviving husband or wife to mortgage the homestead owned as his or her separate estate, or the community homestead to secure a community debt, although it constitutes, at the time, the home of other constituents of the family." Spencer v. Schell, 107 Tex. 44, 173 S.W. 867. This decision by the Supreme Court has been consistently followed and states the law applicable to this case. Allen v. Farm & Home Savings & Loan Association, Tex.Civ.App., 58 S.W. 2d 866; Bagwell v. Hunt, Tex.Civ.App., 65 S.W.2d 369; 22 Tex.Juris. 145; Straus v. Brooks, 136 Tex. 141, 148 S.W.2d 393, Commission of Appeals, opinion adopted by the Supreme Court.

The law thus enunciated makes it clear that the deed of trust did create a valid lien on appellant's property and the trial court did not err in refusing to enjoin the sale thereof. The judgment is affirmed.