Morgan v. Hughes.

---

### JOHN MORGAN v. WILLIAM F. HUGHES.

The husband is to provide for his wife in his family; and while he is not guilty of any cruelty, and is willing to provide her a home, and all reasonable necessaries there, he is not bound to furnish them elsewhere.

There was no community nor separate property of the wife in this case, and it is not necessary to refer to what might be the rule in supposed cases, where there might be a considerable amount of separate or common property.

Appeal from Dallas. Tried below before the Hon. Nat. M. Burford.

It was proved that plaintiff knew that the wife had left her husband's home, when he sold her the necessaries. The facts are sufficiently apparent from the Opinion.

*Crockett & Guess*, for appellant, cited 1 Story on Cont. 161; 1 Parsons on Cont. 296; Chitty on Cont. 160–2; 2 Kent, 148.

HEMPHILL, CH. J. The proposition in the charge of the Court, to the effect that if the wife leaves the bed and board of her husband, still he is liable for necessaries unless the wife lives in adultery with some other person or is guilty of immoral conduct incompatible with the conduct of a virtuous woman, is not sound

law. The rule on this subject is perhaps as well condensed in 2 Kent's Commentaries, p. 147, as in any other authority, and is to the effect that the husband is to provide for his wife in his family; and while he is not guilty of any cruelty, and is willing to provide her a home, and all reasonable necessaries there, he is not bound to furnish them elsewhere. (1 Parsons on Contracts, p. 196.) The facts in evidence are so strange, that perhaps they may have been regarded by the Court below as excluding the case from the operation of the ordinary rule exempting the husband from liability, where the wife leaves him without just cause; and that there was either some cause, or that the separation was by consent.

The defendant, the husband, attempted to prove that there was no cause for her leaving; that there was no consent, as she left home one day while he was absent at work as a day laborer; that the only dispute which had been between him and his wife was in relation to his children, she having none, being their step-mother; the husband telling her she should not kick and cuff them about for nothing; though he did not object to her punishing them if they deserved it. But in contradiction to this evidence, and in rebuttal of all the inferences to be drawn from it prejudicial to the wife, were the important and very strange facts, that when she left she took with her two of these children whom she was charged with kicking and cuffing without cause; that they remained with her during the time of these purchases, and that the articles were necessary for the children as well as for herself, and that though she only went three or four miles to a neighbor's house, there is no evidence that the husband demanded the children, or sent for them, or wished them to return home.

Upon all the facts, the jury, if they gave credit to the testimony (and there is nothing upon the record to impeach it) might have found for the plaintiff; but as they may have found under the special influence of the charge of the Court, the judgment will be reversed. There was no community or separate property of the wife in this case, and it is not necessary to refer to what might be the rule in supposed cases, where there might be a considerable amount of separate or common property. Judgment reversed and cause remanded.

Reversed and remanded.