CAMILLE CLINE v. JOHN HACKBARTH.

Decided December 13, 1901.

**1.—Married Woman—Contracts for Necessaries—Liability of Husband.**

Where a husband made ample provision for the support of his wife, but she left home without his consent, opened a boarding house and contracted debts for necessaries in running it, the husband was not liable for such debts, and in an action against him thereon it was error to exclude evidence that the wife left home without his consent.

**2.—Same—Application of Payments.**

In an action for such debts, brought upon an account with a merchant which the wife had made and upon which she had made part payments out of her earnings, the husband had the right to have such earnings, which were community property and subject to his control, credited upon a part of the account for which he might be held liable as necessaries, as against another prior item therein in the nature of a loan or advance of money to the wife.

Error from the County Court of Harris. Tried below before· Hon. E. H. Vasmer.

*Dan H. Triplett* and *Burke, Griggs & Tarver,* for plaintiff in error

PLEASANTS, ASSOCIATE JUSTICE. —This suit was instituted by defendant in error in the Justice Court of Harris County against plaintiff in error to recover a balance of $198.27 alleged to be due upon an open account against the plaintiff in error and his wife, Cora Cline, for necessaries furnished said Cora Cline by defendant in error. Plaintiff (below) sued out a writ of attachment in the Justice Court and same was levied upon the property of the defendant, Camille Cline. Upon the trial in the Justice Court judgment was rendered for plaintiff for the balance due upon said account with interest thereon amounting to the sum of $203.72 and for foreclosure of the attachment lien. Upon a trial de novo on appeal in the County Court a similar judgment was rendered, from which judgment this writ of error is prosecuted.

The account sued on aggregated the sum of $447.02, but contained credits which leave a balance due for which recovery was sought as aforesaid of $198.27: The several items in said account were furnished on divers and sundry dates from the 28th of February, 1898, to the 22d of June, 1898, inclusive. This account was made by Mrs. Cline under

the following circumstances: In the latter part of February, 1898, she left her home in Houston, Harris County, and went to Cat Springs, in Austin County, where she made a contract with a Mrs. Raymer, who was keeping a section boarding house at said place, to purchase her business. By the terms of this agreement Mrs. Cline was to pay Mrs. Raymer $37.50 for the furnishings of the section house and assume an account of $47.50 due by the latter to the defendant in error. These terms having been agreed upon, both parties went to the store of defendant in error, and he agreed to advance Mrs. Cline the $37.50 to pay Mrs. Raymer, and to accept her promise to pay the account due by Mrs. Raymer and release the latter from all further liability. In consideration of these advances by the defendant in error Mrs. Cline agreed to purchase from him all of the supplies used by her in conducting the boarding house. The agreements were all consummated, and Mrs. Cline took charge of the boarding house, and as long as she continued to run same purchased her supplies from the defendant in error. The account sued on is for cash and goods and merchandise furnished by the defendant in error to Mrs. Cline in the purchase of said business and while she was conducting said boarding house, the first item in the account being as follows: "February 28, 1898. To amount forwarded from Mrs. Raymer, $85." All the items in this account were charged to Mrs. Cline.

The agent of defendant in error who gave the credit and sold the goods to Mrs. Cline testified that he did not know until some time after the entire account had been made that Mrs. Cline was a married woman; made no inquiries as to her family relations or financial standing before he furnished the goods, and sold her the goods on credit to enable her to run the section boarding house. The defendant, Camille Cline, testified that his wife left his home to go to Cat Springs in his absence, and that as soon as he found out where she had gone he went to Cat Springs and tried to induce her to return to her home. He owned a home in the city of Houston and ran a dairy. His income was amply sufficient to provide for his wife and children, and he had always taken good care of them. His wife had three children, two of whom were by a former husband. He provided for all of the children alike, and supported them and his wife as well as a man of his means could. Had a comfortable home, worth three or four thousand dollars, comfortably furnished, and owned cows and hogs and several hundred chickens. He earned about $2.50 per day, and it was his custom, after buying what was necessary, to put the balance of his earnings in a box on the dresser in his bedroom and his wife was allowed to take whatever she wanted of said balance. He never questioned her as to what she took. On Saturdays he usually deposited what was left in the box. He made three trips to Cat Springs before he could get his wife to give up the boarding house and come home. He knew nothing of her having an account with the defendant in error until just before this suit was brought. He had no trouble with his wife before she left to go to

Cat Springs, and she had never complained of any mistreatment of her children and he had never mistreated them in any way. This testimony of defendant is uncontradicted by any evidence in the record except by a statement of Mrs. Raymer to the effect that Mrs. Cline told her when she came to Cat Springs that she left home because the defendant would not support her children and abused them, and that the defendant brought her to the depot.

We deem it unnecessary to consider the various assignments of error in detail. While defendant was on the stand testifying in his own behalf he was asked by his counsel whether his wife left home and went to Cat Springs with or without his approval or consent. Plaintiff objected to this question on the ground that the answer sought to be elicited thereby was immaterial, because as a matter of law the husband was bound for necessaries furnished his wife and children, whether she left home with or without his approval or consent. This objection was sustained, and the witness was not allowed to answer the question. We think this evidence was clearly admissible and should not have been excluded by the trial court. The evidence is undisputed that the defendant made ample provision for his wife's support and maintenance as long as she remained at his home, and if, without his consent and approval, she abandoned her home without any just cause for so doing, he would not be responsible for necessaries furnished her while she wrongfully remained away from him. To hold otherwise is to say that the wife is entitled to all the rights and benefits of the marriage state without fulfilling any of its duties and obligations, a conclusion which is manifestly unjust, subversive of social order, and contrary to sound public policy. Morgan v. Hughes, 20 Texas, 142. The trial court instructed the jury, in substance, that in making application of the payments shown to have been made upon the account they should first apply said payments to the extinguishment of the items in the account which represented the cash advanced Mrs. Cline by the defendant in error, and after the extinguishment of such items the balance of said payments should be applied to the remaining items of said account in the order in which said items appeared to have been furnished. This instruction was erroneous. The contract of a married woman made without the consent of her husband is void as to him, unless ratified by him, or unless it be for necessaries which he has failed to furnish her. It is therefore clear that if Mrs. Cline went to Cat Springs and engaged in the boarding house business without the consent of her husband, he would not be liable on any contract made by her for supplies furnished her in carrying on said business unless he had ratified her contract to purchase said supplies. It is equally clear that any money earned by Mrs. Cline during the existence of the marital relations between herself and husband became community property and was subject alone to the control and disposition of the husband. Such being the case, he had the right to have the payments made by her on this account applied to the extinguishment of such portion of the account as he might be liable

for, and the defendant in error would not be allowed to receive money belonging to the husband and without the husband's consent apply same to the payment of debts of the wife for which the husband was not liable, nor can the court so apply the money received upon said account.

The judgment of the court below will be reversed and the cause remanded for a        trial, and it is so ordered.

*Reversed and remanded.*