## ANNIE E. MANN ET AL. v. RILEY WILSON.

### Decided April 15, 1905.

**1.—Homestead—Abandonment by Wife—Conveyance of.**

Where a wife had no interest in the homestead except the right by marriage, and she abandoned the husband and the homestead and lived in adultery with another man, a conveyance of the homestead by the husband alone passed the title.

**2.—Same—Estoppel.**

Where the wife was making no homestead claim, the husband was estopped by his deed from asserting such a claim contrary to the conveyance he had made.

Appeal from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*M. T. Connor* and *Geo. H. Plowman,* for appellants.—1. There being evidence that defendant's wife had left him, and was living in adultery, and had forfeited all homestead rights in his separate property, and he being the sole constituent of the family using the property as a home, and the question of homestead not being a controverted issue, the court erred in directing a verdict for defendant. Montgomery v. Carlton, 56 Texas, 361; Bowman v. Texas Brewing Co., 17 C. A., 446; McGown v. International & G. N. Ry. Co., 85 Texas, 289.

2. The husband's deed to the homestead is not void unless in fraud of the wife's homestead rights. Earl v. Earl, 9 Texas, 633; Duke v. Reed, 64 Texas, 642; Hall v. Fields, 81 Texas, 557; Prater v. Prater, 10 Am. St. Rep., 623; Arthur v. Israel, 22 Am. St. Rep., 387; see notes Am. Dec., vol. 96, p. 414.

3. The deed made by defendant to J. E. Thomas was not void, nor can defendant set up the homestead rights in avoidance of it. Irion v. Mills, 41 Texas, 310; Levy v. Hahn, 10 Ct. Rep., 345; Hester v. Knox, 63 Texas, 613; Marler v. Handy, 88 Texas, 426; De Bajligethy v. Johnson, 56 S. W. Rep., 96; Cockrell v. Curtis, 18 S. W. Rep., 436.

*Richardson & Seay,* for appellee.—Appellee could not legally dispose of his homestead without his wife's signature, unless she was dead or divorced, and he had a right to his homestead whether he had wife or children living with him or not. McGee v. Berrins, 28 S. W. Rep., 462; Rev. Stats., arts. 5256, 5257; Hoodless v. Winter, 80 Texas, 638; Adams v. House, 61 Texas, 639; Jourdon v. Robson, 27 Texas, 612;

Kaufman v. Brown, 83 Texas, 41; Salazar v. Ybarra, 57 S. W. Rep., 303; Eubanks v. Landrum, 59 Texas, 247.

RAINEY, CHIEF JUSTICE.—This was an action of trespass to try title to a small lot in the city of Dallas, by appellants, against appellee. On trial, the court instructed a verdict for the defendant, the only issue being homestead.

Appellee acquired the lot in 1883, and lived on it. At that time he was a married man. By this marriage there were three children, who, at the time of trial, were all grown. In 1886 this marriage was dissolved by the death of the wife. In 1897 the appellee married Joanna Millor, who deserted him and was living in adultery with another man when appellee assaulted her with a gun, for which he was arrested and placed in jail and charged with assault with intent to murder. He employed one J. E. Thomas, a lawyer, to defend him, and in consideration of Thomas' legal services he conveyed the lot to him. It was agreed that Hiram Morrison conveyed the lot to Riley Wilson, appellee, and that title was in Wilson unless conveyed out of him by the deed to J. E. Thomas in 1900. In 1901 Thomas conveyed said lot by deed to Annie E. Mann.

Wilson is still living on the lot, and had so lived before the death of his first wife. Before Wilson executed the deed to Thomas his second wife had separated from him. She had stated that she had left him, and he testified that he had not seen her since the night he shot at her in 1900, and did not know where she was. It was shown that her whereabouts were unknown. In June, 1900, Wilson paid Thomas $4 rent on the place, that being a fair rental value, and agreed to continue to pay that sum.

Before the conveyance by Wilson to Thomas, Wilson's second wife had voluntarily abandoned him, and was living in adultery with another man. She had no title to the lot, her only interest therein being homestead by virtue of her marriage to Wilson, and that interest depended upon her living with and sharing it with him. She is not here asserting any claim to a homestead in the lot. In fact, her domicile is not even known to the parties to this suit. The only impediment in the way of the husband selling the homestead is the want of the wife's consent and joining him in the conveyance. It has been held that, where the wife voluntarily abandons the husband, and is so living at the time of his death, she forfeits all right to a homestead in his property. (Earl v. Earl, 9 Texas, 633; Duke v. Reed, 64 Texas, 705.) In Shields v. Aultman (20 Texas Civ. App., 345) it was held that, the wife being hopelessly insane, the husband could convey the homestead. In Goff v. Jones (70 Texas, 572) it was held that, if the husband makes a contract to sell the homestead at some future time, and that if it be abandoned and another acquired, he may be compelled to convey. Here the wife has abandoned the homestead, as well as her husband, and we think, under these circumstances, he could convey insofar as her rights were concerned. (Moore v. Dunn, 16 Texas Civ. App., 371.) At least, he is estopped from asserting a claim contrary to the conveyance he has made. (Stallings v. Hullum, 89 Texas, 431; Marler v. Handy, 88 Texas, 421.)

There is no material conflict in the evidence, and, believing as we do, that Wilson, under the circumstances, had a right to convey the homestead without the wife's signature and acknowledgment, the judgment will be reversed, and judgment here rendered for appellants.

*Reversed and rendered.*

Writ of error refused.