SANGER BROS. v. TRAMMELL et ux.
(No. 8716.)

(Court of Civil Appeals of Texas. Ft. Worth.
Oct. 27, 1917. Rehearing Denied
Dec. 1, 1917.)

1. HUSBAND AND WIFE ⬤⟳235(2) — ACTIONS
FOR GOODS SOLD—QUESTIONS FOR JURY.

In an action against a husband for the value of goods sold his wife while she was living apart from him and after the seller had been notified not to sell her goods on his credit, evidence as to his presence with the wife when some of the purchases were made, his statements to one of the clerks, his payment for other goods purchased by her, and his failure to object when the wife directed the clerk to charge the goods to him, *held* to make a question for the jury on the issue of equitable estoppel.

2. HUSBAND AND WIFE ⬤⟳235(3) — ACTIONS
FOR GOODS SOLD—INSTRUCTIONS.

Instructions requested by defendant on the issue of equitable estoppel should have been given in the absence of some valid objection to their form.

3. HUSBAND AND WIFE ⬤⟳229(6) — ACTIONS
FOR GOODS SOLD — EVIDENCE ADMISSIBLE
UNDER PLEADINGS.

Where a husband when sued for the price of goods sold his wife alleged that, at the time they were sold, the wife had abandoned him over his protest and without fault on his part, and was living separate from him, and the truth of these allegations was put in issue by a general denial, portions of the wife's petition in an action for divorce that she had been forced to separate from her husband by a course of cruel treatment and giving details of the cruel treatment were admissible over the objection that there was no pleading authorizing the introduction of such evidence, as it tended to refute the charge that the wife had abandoned defendant without fault on his part, and therefore to support the general denial of that allegation.

4. PARENT AND CHILD ⬤⟳3(1)—SUPPORT OF
CHILD—LIABILITY FOR NECESSARIES.

Where a wife is living separate from her husband, and without objection on his part keeps the minor children with her, the fact that he has furnished her money amply sufficient to purchase all necessaries for herself and the children does not defeat his liability to a person furnishing necessaries for the children.

5. HUSBAND AND WIFE ⬤⟳19(5)—HUSBAND'S
LIABILITY FOR NECESSARIES — SEPARATION
WITHOUT HUSBAND'S FAULT.

A husband is not liable for necessaries furnished the wife after she has abandoned him without fault on his part, where he has furnished her with sufficient means to supply herself with such necessaries.

Appeal from District Court, Nolan County;
W. W. Beall, Judge.

Action by Sanger Bros. against W. T. Trammell and wife. From a judgment in favor of the defendant named, plaintiff appeals. Reversed and remanded.

H. R. Bondies, of Sweetwater, for appellant. Geo. T. Wilson, of Sweetwater, for appellees.

DUNKLIN, J. Sanger Bros., doing a mercantile business in the city of Dallas, instituted this suit upon an account for goods, wares, and merchandise purchased from plaintiffs by Mrs. Fay Trammell, wife of W. T. Trammell. The suit was against both the husband and wife, and a personal judgment was sought against each for the value of the goods. A judgment by default was rendered in plaintiffs' favor against Mrs. Fay Trammell, from which there has been no appeal, but from the further judgment in favor of W. T. Trammell, plaintiffs have prosecuted this appeal.

The itemized account for the goods upon which the suit was predicated covered sales of merchandise during the period beginning March 14, 1913, and ending May 28, 1913, and it was alleged that the goods were sold to Mrs. Fay Trammell, and that the same were necessaries for the use and benefit of herself and the two minor children of herself and W. T. Trammell, her husband; that the debts so contracted were reasonable and proper, and that, therefore, Mrs. Trammell was personally liable therefor. By another count in the petition it was alleged that the sale was made upon the credit of W. T. Trammell, as well as upon the credit of the wife. By a third count it was alleged that if the goods were not necessaries for which the wife could bind the husband, yet defendant W. T. Trammell, with full knowledge of such purchases consented to, approved and acquiesced in the same and thereby bound himself to pay for the goods.

In addition to a denial putting in issue those allegations, the defendant W. T. Trammell pleaded specially that several months before the articles mentioned in the account were purchased, he notified plaintiffs and their employés to sell no more goods to Mrs. Fay Trammell upon his account. He further pleaded that at the time of the purchase of the goods by Mrs. Fay Trammell, she had abandoned him as his wife over his protest and without his fault, and was then living in Dallas and not living with him, whose residence, as shown by the record, was then in Sweetwater, Nolan county; that at the time of such purchases Mrs. Fay Trammell was preparing to file in the district court of Dallas county a suit for divorce from her husband, and did soon after such purchases file such a suit. He further pleaded that notwithstanding such abandonment by his wife, he was at the time of such purchases still furnishing her an ample supply of money to purchase all clothing and such other articles as were necessary and proper for the use of herself and minor children; that the goods so purchased were not necessaries for herself or children; that the same were purchased without his authority, consent, or approval, and that he never in any manner ratified such purchases.

In reply to those special pleas by W. T. Trammell, plaintiffs alleged that subsequently to the giving of the notice by him to plaintiffs, appellee paid accounts for goods which plaintiffs sold to Mrs. Trammell; that thereafter the account sued on was incurred; that

many, if not all, of the articles of merchandise shown in the account sued on were purchased by Mrs. Trammell in plaintiffs' store in Dallas in the presence of appellee, who afterwards made cash payments on said account, amounting to a total of $200; that through such conduct on the part of appellee, plaintiffs were led to believe, and did believe, that he assented to and approved said sales to his wife, and but for such belief the goods would not have been sold to his wife. Plaintiffs further alleged that by said acts on the part of W. T. Trammell, a person of reasonable prudence would have been led to the same conclusion, and would have made said sales, and that W. T. Trammell is now estopped to deny that he assented to and approved such purchases by his wife.

In answer to special issues, the jury found that the goods charged in the account made the basis of plaintiffs' suit were purchased by Mrs. Trammell, but that at the time of such purchases her husband did not know of same, nor of the fact that they were being charged to his account; that W. T. Trammell did not consent to such purchases or acquiesce in plaintiffs' act in charging the same to his account; that he has never at any time ratified or agreed to pay for the goods; that at the time of such purchases by Mrs, Fay Trammell, appellee was furnishing to her money sufficient to purchase all such goods and clothing as were necessary, reasonable, and proper for herself and children; that the goods so purchased were not necessary for the maintenance of herself or minor children, taking into consideration the financial circumstances of appellee and the station in life of himself and wife at the time the purchases were made; and that at the time of such purchases Mrs. Fay Trammell had abandoned her husband, and was living apart from him through no fault on his part.

Plaintiffs assign error to the refusal of the trial court to submit the following special issues requested by them:

"No. 4. Would a reasonably prudent man have been led to believe by the conduct of the defendant W. T. Trammell that he assented to or approved of any of the sales by plaintiff to Mrs. Fay Trammell shown upon the account in suit?"

"No. 5. Did the plaintiffs believe that the said W. T. Trammell did assent to or approve such sales?"

The request for the submission of these two issues was predicated upon the plaintiffs' plea of equitable estoppel urged against W. T. Trammell and noted above. For the same reasons, another assignment is presented to the court's refusal to include those issues in his general charge.

The following announcement in Bigelow on Estoppel, 556, of the equitable doctrine of estoppel founded on representations and conduct acted on by others, was quoted with approval by our Supreme Court in Harrison v. Boring, 44 Tex. 269:

"If any person, by a course of conduct, or by actual expressions, so conducts himself that another may reasonably infer the existence of an agreement or license, whether the party intends that he should do so or not, it has the effect that the party using that language or who has so conducted himself cannot afterwards gainsay the reasonable inference to be drawn from his words or conduct."

To the same effect are the following authorities: Walling v. Hannig, 73 Tex. 582, 11 S. W. 547; Risien v. Brown, 73 Tex. 135, 10 S. W. 661; Westbrook v. Guderian, 3 Tex. Civ. App. 406, 22 S. W. 60; Kiersky v. Nichols, 29 S. W. 71; Finks v. Buck, 27 S. W. 1096; Walker v. Erwin, 47 Tex. Civ. App. 637, 106 S. W. 168; Avery v. Collins, 62 Tex. Civ. App. 313, 131 S. W. 428.

[1, 2] By uncontroverted testimony it was shown that on several occasions when the articles listed in the account were purchased by Mrs. Trammell, appellee was present with her in plaintiffs' store, acting as though they were living together harmoniously as husband and wife, and on one occasion appellee informed one of the clerks who was selling some of the articles in controversy that he and his wife had settled their differences and they were "living together again"; that Mrs. Trammell was then residing in Dallas, contrary to appellee's wishes, and appellee was residing in Sweetwater; that he was then endeavoring to persuade her to return to his home, and made repeated visits to her in Dallas; that he cashed checks aggregating $200 drawn by Mrs. Trammell upon him by signing his name thereto by herself as his wife in payment for some items of goods purchased of plaintiffs by her during the period covered by the account in controversy; that prior to that period and subsequently to the notice served upon plaintiffs by appellee not to sell his wife any more goods on his account, he had paid other accounts for goods purchased by Mrs. Trammell from plaintiffs on his credit, and had never refused payment of any such accounts upon demand for payment prior to the date of the last item of the account in controversy; that on none of the occasions of the purchases of any of the goods in controversy did he inform plaintiffs or any of their clerks selling to his wife that he would not pay for such goods. Mrs. Trammell further testified that on one occasion during the period covered by the account in suit, when she purchased goods from plaintiffs on credit and charged same to appellee, she, in the presence of appellee, told the clerk selling same to her to "charge it to W. T. Trammell," and further in that connection testified, "And Mr. Trammell would hear me say that and would make no objection"; however, this testimony by Mrs. Trammell was denied by appellee. Other testimony introduced by plaintiffs tended in a material respect to show that such acts and conduct on the part of appellee, under the circumstances

mentioned, induced plaintiffs' duly authorized agents for the extension of credit to believe that appellee had, in effect, withdrawn or waived his prior instruction to plaintiffs to sell no more goods to his wife on his account, and that he assented to and acquiesced in her acts in purchasing the goods in controversy and charging the same to his account; that acting upon such belief so induced, the goods in controversy were sold on appellee's credit; and that a person of ordinary prudence similarly situated, under the same circumstances, would have reached the same conclusions and would have acted likewise. In view of such evidence, we are of the opinion that under the authorities noted, the court erred in refusing to submit to the jury by appropriate instructions plaintiffs' plea of equitable estoppel; and in this connection we will add that, at least, in the absence of some valid objection to the form of the instructions requested by plaintiffs upon that issue, the same should have been given.

[3] Appellee introduced in evidence a part of Mrs. Trammell's petition for divorce filed by her against her husband, and upon which she secured a divorce from him. The portion of the petition so introduced contained allegations that she had resided in Dallas county for more than six months prior to June 10, 1913, the date the petition was filed; that she and W. T. Trammell had separated on the ——— day of June, 1912, and thereafter had not lived together as husband and wife. Plaintiffs did not object to the introduction of that portion of Mrs. Trammell's petition for divorce, but after the same was introduced offered other portions of the same petition in which she alleged, in substance, that she had been forced to separate from her husband by a course of cruel treatment of her by him which rendered their further living together insupportable, it being alleged that her husband frequently became intoxicated, cursed and abused her, assaulted her by violently striking her on the face, head, and body, causing pain and bloodshed; that he drew a pistol upon her and threatened to kill her on one occasion. Counsel for appellee objected to the introduction of that portion of the petition so offered by the plaintiffs "for the reason that there is no pleading in the plaintiffs' petition, or supplemental petition, authorizing the introduction of any of the rest of that instrument." That objection was sustained, and the ruling has been assigned as error. In his answer W. T. Trammell specially pleaded that at the time the goods described in plaintiffs' petition were alleged to have been sold and delivered "the said Mrs. Fay Trammell had abandoned this defendant over his protest and without fault on his part, and was then living in Dallas, and not living with this defendant as his wife. * * *" The truth of those allegations was expressly put in issue by a general denial contained in plaintiffs' supplemental petition filed in reply to appellee's answer, and as noted already the jury found in answer to special issues that at the time the goods were purchased Mrs. Fay Trammell had abandoned W. T. Trammell, and was living apart from him, and that such abandonment was not on account of any fault on the part of her husband.

We think it clear that the objection urged to the evidence was not tenable, and that the court erred in sustaining it. The evidence excluded certainly tended to refute the charge made by the appellee that his wife had abandoned him without fault on his part, and therefore to support the plaintiffs' general denial of that allegation. But in this connection and in view of another trial of the case, we deem it proper to say that we do not wish to be understood as holding that the part of the petition for a divorce introduced by appellee was itself admissible, if a proper objection had been urged thereto, in view of the fact that Mrs. Trammell made no answer to the suit, but suffered a judgment by default against her, thus leaving no controverted issue between herself and plaintiffs.

[4] The testimony showed that part of the goods in controversy were purchased for the benefit of the minor children of W. T. Trammell and Mrs. Fay Trammell, and Mrs. Trammell testified, in effect, that they were necessary for the proper maintenance of her children. The court submitted to the jury the issue whether or not such goods were necessaries for the use of said children, "taking into consideration the financial circumstances of W. T. Trammell and the station in life of himself, his wife and children," at the time said purchases were made, but in that connection the court, at appellee's request, further instructed the jury:

"That goods purchased by the wife for the children of herself and husband are not necessaries in law, if such children are actually sufficiently supplied otherwise by the husband, or if the husband furnishes to the wife money amply sufficient to purchase all necessaries for both herself and children."

Error has been assigned to that portion of the instruction last quoted, which embodies the proposition that a father cannot be held liable for necessaries furnished his minor children if he has theretofore furnished his wife, the mother of his children, with sufficient money to purchase such necessaries. According to appellee's testimony, which was uncontroverted, he had furnished Mrs. Trammel with more than $3,000 in money from October, 1912, to May, 1913, a period of eight months, including a part of the time covered by the account in controversy. It thus appears that in view of such testimony, the instruction complained of was calculated to prove harmful to plaintiffs in their suit for the goods so furnished for appellee's children if the jury further believed the testimony of Mrs. Trammell to the effect that such goods were necessaries for them. In the brief filed for appellants, it is stated by counsel that he has

been unable to find any authorities bearing upon this particular question, but he insists that upon principle the charge was erroneous, and in argument uses the following apt language in criticism of the rule embodied in the court's charge:

"It would make it possible for the children to suffer for both raiment, food and shelter if through misfortune or otherwise moneys furnished the wife by the husband had been dissipated."

[5] The rule seems to be well established that the husband is not liable for necessaries furnished the wife after she has abandoned him, without fault on his part, and after he has furnished her with sufficient means to supply herself with such necessaries. Cline v· Hackbarth, 27 Tex. Civ. App. 391, 65 S. W. 1086; Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621, and decisions cited in notes thereto; 21 Cyc. 1223, 1229. In many of the authorities in announcing the rule so stated the supplies for which the husband is not liable are referred to in general terms as necessaries for the wife and her children, without reference to the question whether or not the husband would be liable for necessaries furnished the minor children alone, which were not necessaries for the wife also. In 29 Cyc. p. 1605, the following was said:

"That it is the duty of parents to support and maintain their children is well established, and although there has been some difference of opinion as to whether, in the absence of statute, this is a legal or merely a moral obligation, the better view undoubtedly is that the obligation is a legal one."

The following is quoted from Speer's Law of Marital Rights in Texas, § 80:

"At common law it was the duty of the father to support his minor children, and upon the death of the father that duty devolved upon the widowed mother. ' The same duty rests upon the father under the statutes and decisions in this state. It is but natural, and based upon most obvious principles of right, that he who is responsible for the existence of a human being should be charged with the duty of supporting and maintaining him during his years of tender helplessness. Even the brute creation obey this natural law, and civil law will not permit its subjects to be less considerate than they. The law will in every reasonable way compel this support by a father of his child, and therefore he is always held liable to pay for all necessaries furnished to his minor children, where it is his duty to supply them and he has failed to do so. In such a case the law implies the promise of a father to pay for such necessaries; the implication being based upon the legal obligation to furnish them."

In Fowlkes v. Baker, 29 Tex. 137, 94 Am. Dec. 270, the following is said:

"Much conflict of authority exists as to the ground upon which rests the legal liability of a father for necessaries furnished his infant child. Some insist that it grows out of the natural duty of the parent to provide sustenance and support for his offspring; others say that it is a question of agency and authority, and that a parent is only bound for such articles as are furnished with his consent, express or implied. The former doctrine is laid down by Chancellor Kent, and with him is the weight of American authority. 2 Kent Com. 191; Stanton v. Wilson, 3 Day, 37 [3 Am. Dec. 255]; Edwards v. Davis, 16 Johns. [N. Y.] 284."

However, under the particular facts of that case, the issue of liability of the father for goods purchased by a minor son hinged upon the question whether or not such purchases were made with his consent. But in Taylor v. Deseve, 81 Tex. 246, 16 S. W. 1008, Taylor, the father of a minor child, was held liable to Deseve, plaintiff, for care and maintenance of defendant's minor child, who had been cared for by plaintiff at the father's instance under a parol, but not a statutory, agreement of adoption of the child by the plaintiff; the father thereafter having repudiated the agreement and resumed custody of his child. In affirming a judgment against the father for the value of the services rendered by Deseve in caring for the child while in his custody, the court said:

"The duty of supporting and maintaining his child is devolved by law upon the father, and he cannot relegate this duty to any other person except as authorized by law. * * * Except as may be authorized by statute the father cannot by contract with a third party shirk or permanently abandon the duty imposed upon him by law 'to protect, educate, and maintain' his own legitimate offspring. Schouler, Dom. Rel. 315–343."

In Shields v. O'Reilly, by the Supreme Court of Conn., 68 Conn. 256, 36 Atl. 49, it was held that if the wife had wrongfully and forcibly, and without fault on the part of the husband and without his consent, taken the minor children of herself and husband from his home where they were properly provided for, then one who furnished necessaries for the support of the children with full knowledge of those facts would not be entitled to recover. Other authorities of like import are noted in 29 Cyc. 1607–1610, but it is unnecessary for us to discuss that question, since there is no evidence in the present suit that appellee made any objection to his wife keeping his minor children with her during the time covered by the account in controversy. In this connection, however, we will say that in the case last cited the court further held that the father was liable for necessaries furnished his minor children while they were absent from his home where they had been properly cared for and were in the custody of their mother, who had voluntarily and without adequate cause abandoned her husband, but who was rightfully in possession of his children.

In the light of the authorities noted, and especially those of our own Supreme Court, and under the facts of this case, we conclude that the court erred in the instruction to the jury last quoted, as complained of by appellants.

For the reasons noted, the judgment is reversed, and the cause remanded.